## CLEVELAND PRINTING INK CO. v. PHIPPS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8541. Decided March 19, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**313. CORPORATIONS—865. Officers.**
Officers of corporation, or other directors financially interested, cannot participate in voting salaries or other compensation.

Error to Common Pleas.

Judgment reversed.

Squire, Sanders & Dempsey, Cleveland, for Cleveland Printing Ink Co.

Roscoe M. Ewing, Cleveland, for Phipps.

### STATEMENT OF FACTS.

This is a proceeding in error from the Court of Common Pleas of Cuyahoga County, wherein a jury was waived by both parties, and after trial had, the Court rendered a judgment in favor of the plaintiff below, Phipps, against The Cleveland Printing Ink Company, in the sum of $8,739.87, and this judgment forms the basis of the assignment of error.

The petition in the case alleged that the defendant was indebted to plaintiff, who was acting president of the corporation, in the sum of $7,313.70 and interest, for monies loaned to defendant at its instance and request. The amended answer and cross-petition, among other things, denies the truth of the allegations that there was any loan in the aforesaid sum or in any other amount, made by the plaintiff to defendant, and further denies that there was any indebtedness whatsoever accruing to plaintiff, but averred that the plaintiff was indebted to defendant.

The cross-petition alleged that from May 15, 1920, to Feb. 15, 1924, the plaintiff, while acting president of the defendant company, from time to time advanced certain funds for the use of the company, but avers that the cash advanced by the plaintiff was a voluntary act on plaintiff's part and agreed that the total sum was $7,616.15.

During the period of time between the dates mentioned, it is further averred that the plaintiff withdrew from the funds of defendant, the sum of $9,364.95. Then followed an averment that the plaintiff performed some slight services for the defendant while he was acting as president, but averred that the reasonable value of the services for the period of time between the dates herein set forth, was $300.00 per annum, thus leaving a credit due plaintiff in the sum of $1,125.00, but leaving a balance due defendant from the withdrawals made by plaintiff in the sum of $623.80, and for that sum the defendant prayed for judgment with interest from February 15, 1924.

An answer was filed to this cross-petition, denying each and all of the allegations, excepting the advancement of cash and asked for proof to support the allegations of the cross-petition.

It is substantially settled by the evidence, that plaintiff drew from the company $1,748.80 more than was deposited with the company and the defendant's cross-petition was based upon the theory of "quantum meruit" on a basis of $300.00 per year, which would amount to $1,125.00, and according to this figuration there would be a balance due the company from Phipps of $623.80.

The basis of the judgment in favor of plaintiff is for money loaned and not for services but it is apparent from the record that plaintiff applied the amount withdrawn from the company by him when acting president, upon the payment of a salary of $2,500.00 per year, which he claimed was by contract made regularly by resolution of the Board of Directors. Evidence of this nature was received and submitted in order to account for the reason of the withdrawals and to distinguish the receipt of the money as salary from the claim upon which the petition is founded, to-wit, for money loaned.. Thus, was distinctly raised in the trial the claim as to whether the plaintiff was to receive a salary, how much, and

whether it was paid by the application of money known as withdrawals. In other words, was there a contract duly made for the salary and were the withdrawals properly applicable to the payment of the same?

SULLIVAN, PJ.

The plaintiff rests his contention for a salary upon the action of the Board of Directors. The plaintiff was a director and also one Baumgardner, and at the meeting of the Board of Directors where it is claimed the salary was fixed by the Board, the salary of Baumgardner was fixed at the same time. There were seven directors and it took four for a quorum. It appears from the record that Baumgardner and the plaintiff were both present at these meetings where it is claimed the salaries were fixed and attempted to exercise their prerogative as directors upon the question of their salaries.

It is claimed that this was unlawful and makes the action of the Board void, on the theory of Briggs v. Gilbert Grocery Campany, 156 N.E. Rep. 494, decided by the Supreme Court of Ohio, April 5, 1927.

Under the record in this case, excluding these two directors who were actively present, at the meetings of the Board where it is claimed the salaries were fixed, there was no quorum and under the rule of our Supreme Court in Briggs Supra it is our judgment that the action of the Board at their meetings in March and June, 1920, was void and of no binding effect in law.

In consonance with the above views, and considering the status of the record as these views apply to the same, we have come to the conclusion that the judgment is clearly and manifestly against the weight of the evidence.

Holding these views, the judgment of the lower court is hereby reversed.

(Vickery, J., and Levine, J., concur.)